LAND, J.
This is a suit for damages for personal injuries. The defendant appeals from a verdict and judgment for $700 in favor of the plaintiff. Only questions of fact are involved.
*337 Plaintiff’s foot was mashed while he was working with other laborers under the direction and supervision of the superintendent of the defendant company, assisted by a foreman. The work was unusual and experimental in its nature. The superintendent was endeavoring by means of jack screws to reduce the angles of a new railroad crossing, which proved to be a misfit by 10 degrees. The foreman told the superintendent that the work could not be done, and backed his opinion by the offer of a wager, which was accepted by the superintendent, who undertook to boss the job. The superintendent conceived the idea that the angles might be reduced by the application of two jack screws operating on transverse angles, and proceeded to carry out this theory. The crossing was placed on two rails, and weighted down to prevent it from rising when the pressure should be applied. The plaintiff, Bradley, and another man worked the lever of one jack screw, while the other was operated by two more laborers. After working for an hour or more the accident occurred. The foreman and several other witnesses testified that the crossing suddenly whirled, and Bradley’s foot was caught between one of the rails and the jack screw. The foreman testified that the jack which Bradley was working rolled or turned, and that the other jack was out of line about five inches. He further testified that the two jacks were of unequal power, and that the superior pressure of the stronger caused the weaker to loose its hold, and the sudden whirl of the crossing was the natural consequence. The superintendent’s theory seems to have been that the stronger jack “creened,” and that the other jack was thrown against the rail, and not the rail against the jack. The whirling of the crossing is practically conceded in the brief of defendant’s counsel. This whirl might have been prevented by the use of jacks of equal power, and, certainly, by anchoring the crossing. The defendant was therefore negligent.
The real defense in the case is the alleged contributory negligence of the plaintiff, in that he was standing and working, despite-of warnings, within the angle between the jack screw and the rail. Bradley and another laborer testified that they heard no-warning, hut the evidence shows that the foreman warned the men generally not to stand within the angles. It is undeniable-that plaintiff’s foot was caught within the angle, but it does not necessarily follow that he was standing within the angle before the-accident. Bradley testified that he was not standing in the angle, but fell forward, and his foot was caught before it reached the-ground. It is argued by plaintiff’s counsel that, as the foot was mashed below the ankle, and the crossing was elevated five or six inches above the ground, the nature of the wound shows that Bradley was not standing on the ground at the moment of' the accident. The foot was exhibited to the-jury, and they had a better opportunity than we have to appreciate the argument on the physical facts of the ease. This remark is also applicable to other evidence, not in the-record, such as illustrations of position and direction. Bradley is contradicted positively as to his position at the time by only one-witness, Sims, who was working with him at. the same jack. The four men working at the jacks were exerting their strength on the-levers, and it is not probable that they paid any particular attention to the position of the feet of each other. The foreman and the superintendent were in a better position, for observation. The foreman testified that Bradley' was standing in a safe place just before the accident, but that he could not state whether or not he was standing within-the angle at the time he was hurt. The foreman, however, expressed the opinion that. *339 Bradley could not have been thrown forward by the slipping of the jack.
The superintendent said:
“I was standing by Bradley at the time of the accident.”
But he does not state where they were standing, whether within or without the angle. The same witness further said:
“I was standing by Bradley, a -little behind him, and my gaze was not on him at the time. I was watching the joints, watching it to see how it was doing. I watched the different men to see how they did their work. Rich (the foreman) was also standing there. So, all of a sudden Bradley hollered, and we all looked to see, and he was standing perfectly straight, except his shoulders were stooping, and his foot was caught between the jack and the outside wing of the crossing.”
It may be assumed that if Bradley had, as a matter of fact, been standing within the angle, the superintendent would have so positively testified. If the angle was a dangerous place, and the laborers had been warned not to stand therein, it seems reasonable to conclude that the foreman and superintendent would not have permitted a laborer at their side to work in such perilous position.
Considering the verdict and judgment below, we are not prepared to say that the defendant has established the defense of contributory negligence.
We see no good reason to disturb the verdict as to the quantum of damages. The allowance of $700, in view of the nature of the injury, is not manifestly excessive or insufficient.
Judgment affirmed.